UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN LEE MATTHEWS,

    Plaintiff,

    v.

T. FOSS, et al.,

    Defendants.

Case No. 23-cv-02800-SVK

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the current and former Wardens of Salinas Valley State Prison ("SVSP"), where Plaintiff is housed.[1] Good cause appearing, Plaintiff's motion for leave to file the complaint by mail is GRANTED. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is ordered served upon Defendants.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 6.)

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that he was placed on "suicide watch" for 22 days despite not being suicidal. This entailed cell checks every 10-20 minutes, as well as loud noise, for 24 hours per day. As a result, he suffered "extreme" sleep deprivation, high blood pressure, and pain. He alleges he notified Defendants of the problem, but they failed to take reasonable steps to stop it. He further alleges Defendants failed to adequately train and supervise the SVSP staff in administering the suicide watch program, which caused Plaintiff to be placed on it erroneously.

These allegations, when liberally construed, state a cognizable claim against Defendants for violating his Eighth Amendment right to be free from cruel and unusual punishment.

## CONCLUSION

1. Defendants T. Foss and M. Atchley shall be served at Salinas Valley State Prison.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the Complaint, a Magistrate Judge jurisdiction consent form, this Order, a CDCR Report of E-Service

1  Waiver form, and a summons.  The Clerk also shall serve a copy of this Order on the Plaintiff.

2  No later than 40 days after service of this order via email on CDCR, CDCR shall provide
3  the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s)
4  listed in this order will be waiving service of process without the need for service by the United
5  States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be
6  reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the
7  California Attorney General's Office which, within 21 days, shall file with the Court a waiver of
8  service of process for the Defendant(s) who are waiving service.

9  Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each
10 Defendant who has not waived service according to the CDCR Report of E-Service Waiver a
11 USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
12 of this Order, the summons, and the operative complaint for service upon each Defendant who has
13 not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
14 Service Waiver.

15 2.      Defendant shall complete and file the Magistrate Judge jurisdiction consent form
16 within the deadline provided on the form.  She shall also file an answer in accordance with the
17 Federal Rules of Civil Procedure.

18 3.      To expedite the resolution of this case:

19 a. No later than **91** days from the date this order is issued, Defendant shall file a
20 motion for summary judgment or other dispositive motion.  The motion shall be supported by
21 adequate factual documentation and shall conform in all respects to Federal Rule of Civil
22 Procedure 56 and shall include as exhibits all records and incident reports stemming from the
23 events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary
24 judgment, she shall so inform the Court prior to the date the summary judgment motion is due.
25 All papers filed with the Court shall be promptly served on Plaintiff.

26 b. At the time the dispositive motion is served, Defendant shall also serve, on a
27 separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th
28 Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

3

    c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **28 days** from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

    d. Defendant shall file a reply brief no later than **14** days after the opposition is filed.

    e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  4.  All communications by Plaintiff with the Court must be served on Defendant or her counsel once counsel has been designated, by mailing a true copy of the document to Defendant or her counsel.

  5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

  Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974), 15 California Code of Regulations § 3370, and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

  //

  //

6.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**SO ORDERED.**

Dated: July 14, 2023

SUSAN VAN KEULEN
United States Magistrate Judge