UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN LEE MATTHEWS,<br>          Plaintiff,<br>    v.<br>T. FOSS, et al.,<br>          Defendants. | Case No. 23-cv-02800 BLF (PR)<br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>(Docket No. 21) |

Plaintiff, a California prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983, against the current and former Wardens of Salinas Valley State Prison ("SVSP"). Dkt. No. 1. This matter was originally before the Honorable Magistrate Judge Susan van Keulen, who found the complaint stated a cognizable claim against Defendants under the Eighth Amendment. Dkt. No. 9. The matter was reassigned to this Court on November 19, 2023. Dkt. No. 19.

Defendants M. Atchley and T. Foss filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c) on the grounds that the complaint fails to state a claim for relief against them that is plausible on its face. Dkt. No. 21. Plaintiff filed opposition, Dkt. No. 23, and Defendants filed a reply, Dkt. No. 24.

For the reasons discussed below, Defendants' motion is **GRANTED IN PART and**

**DENIED IN PART**.

## DISCUSSION

### I.   Plaintiff's Allegations

Plaintiff alleges that on September 25, 2019, he was placed on "suicide watch" in administrative segregation ("ASU") for 22 days after drugs were found in his cell. Dkt. No. 1 at ¶¶ 13-14. Plaintiff asserts that he was not suicidal. *Id.* at ¶ 14. The conditions in ASU included cell checks every 10-20 minutes, as well as loud noise, for 24 hours per day. *Id.* at ¶¶ 17-18. As a result, Plaintiff suffered "extreme" sleep deprivation, high blood pressure, and pain. *Id.* at ¶ 31.

Plaintiff alleges that on October 20, 2019, he filed an inmate request form to inform Defendant Warden Foss of the unconstitutional conditions to which he was being subjected and complaining of Defendant's failure to properly train correctional officers. *Id.* at ¶ 21. Plaintiff received a response from Lt. E. Mazariegos, who stated that he did not find that staff members violated any directives. *Id.* at ¶ 22. Plaintiff appealed the matter and was interviewed by Lt. Mazariegos on November 27, 2019. *Id.* at ¶ 25. Plaintiff states that during the interview that day, Defendant M. Atchley became the warden. *Id.* at ¶ 28. After returning to his cell after the interview, Plaintiff wrote another inmate request form, this time addressed to Defendant Atchley, notifying him of his failure to train and supervise correctional officers who violated his constitutional rights. *Id.* at ¶ 29. Plaintiff did not receive a response to this form. *Id.* at ¶ 30. Plaintiff claims that the failure of Defendants Foss and Atchley "to take any reasonable measures to stop correctional officers from violating [his] constitutional rights, their conduct & actions" violated his Eighth Amendment rights. *Id.* at ¶ 33.

### II.   Rule 12(c) Motion

A Rule 12(c) motion for judgment on the pleadings may be brought at any time after the pleadings are closed, but within such time so as not to delay trial. Fed. R. Civ. P.

2

12(c). "A judgment on the pleadings is proper if, taking all of [plaintiff]'s allegations in its pleadings as true, [defendant] is entitled to judgment as a matter of law." *Compton Unified School Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

### A.      **Eighth Amendment Claim**

Defendants contend that Plaintiff's allegations do not allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged based on supervisory liability. Dkt. No. 21 at 4. Defendants point out Plaintiff alleges that non-defendant correctional officers conducted the acts that comprise the violation of his constitutional rights, and there are no allegations that Warden Defendants had any involvement in the events. *Id.* Furthermore, Defendants assert that Plaintiff's allegations that he did not notify Defendants until *after* the actions had been completed negates any inference that Defendants had direct involvement in the event. *Id.* Lastly, Defendants assert the fact that Defendant Atchley was not the Warden at the time of the events shows that this Defendant was not even in the Warden position to be subject to supervisory

3

liability. *Id.* at 5.

In opposition, Plaintiff asserts that supervisory liability does not require that Defendants have direct involvement in the actions alleged. Dkt. No. 23 at 5. Rather, he asserts that he can alternatively show that their conduct was "so reckless as to be tantamount to a desire to inflict harm." *Id.* He asserts that a supervisor's participation could include his own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations complained of, or conduct showing a reckless or callous indifference to the rights of others. *Id.* at 6. Based on this law, Plaintiff asserts that his allegations are sufficient for the Court to draw the reasonable inference that Defendants are liable. *Id.*

In reply, Defendants assert Plaintiff's opposition confirms that supervisory liability is his sole theory of liability against them, and that his claim is based only on Defendants' general responsibilities as the prison's wardens, which are insufficient to establish liability under § 1983. Dkt. No. 24 at 3. Defendants also assert Plaintiff's opposition confirms that he does not allege Defendants had any direct involvement in the underlying events in that he did not notify either Defendant of the subject events until after they had occurred. *Id.* at 3-4. Lastly, though Defendants agree that a supervisor need not be directly and personally involved in the same way as their subordinates, they assert that a supervisor defendant must still have some direct involvement in the events and that Plaintiff's allegations show that they had none. *Id.*

Taking Plaintiff's allegations as true, the Court finds the complaint does not proffer enough facts to state a claim for relief that is plausible on its face against Defendants. First, it is undisputed that Plaintiff's claim against Defendants is based solely on supervisor liability. Nowhere in the complaint does Plaintiff allege that Defendants Foss or Atchley was present or directly participated in the underlying events of this action. Rather, the complaint alleges that Plaintiff filed an inmate request form weeks *after* the events, notifying each Defendant in their position as warden of their failure "to train and

4

supervise" the correctional officers who violated his constitutional rights. *See supra* at 2. Accordingly, the issue is whether the complaint contains sufficient factual allegations for the Court to draw a reasonable inference that Defendants are liable under supervisory liability. As explained below, it does not.

"In a § 1983 or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (finding under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that conclusory allegations that supervisor promulgated unconstitutional policies and procedures which authorized

5

unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability); *Wilk v. Neven*, 956 F.3d 1143, 1146 (9th Cir. 2020) (a reasonable factfinder could find the warden liable as supervisor in a failure-to-protect suit because only the warden or his designee had the authority to add a person to an inmate's enemy list and there was evidence plaintiff submitted a request to place an inmate, who later attacked him, on the list).

The complaint simply does not contain sufficient allegations to establish that Defendants are liable under supervisory liability. Plaintiff claims that Defendants violated his Eighth Amendment rights "by their failures to adequately supervise the correctional officers subordinate to them." Dkt. No. 1 at ¶ 37. He also claims that Defendants' "act[s] and conduct were willful, malicious, wanton, despicable, reckless, a conscious disregard for Plaintiff's rights." *Id.* at ¶ 45. Other than these general allegations, there are no specific factual allegations regarding Defendant Foss and Atchley's actions or inactions that are directly related to Plaintiff's placement on suicide watch and the conditions to which he was subjected. Specifically, there are no allegations that Defendants were even aware at the time that Plaintiff was being placed on suicide watch and that he was kept there for several weeks. Plaintiff would have the Court infer that had Defendants properly trained or supervised the correctional officers responsible for placing him on suicide watch, Plaintiff would not have been injured. However, there are insufficient factual allegations to support such an inference. For example, there is no allegation that the Warden was responsible for training the specific correctional officers involved in placing Plaintiff on suicide watch or that they normally supervised them when doing so. Nor is there any allegation that the subordinate correctional officers acted as they did due to a deficiency in their training or lack of proper supervision. Without sufficient factual allegations, Plaintiff's claim of supervisory liability is conclusory. *See Keates*, 883 F.3d at 1243. Lastly, Plaintiff cannot state a claim against Defendant Atchley for failing to train or supervise subordinates on September 25, 2019, when he did not become Warden until

6

November 27, 2019. In other words, Defendant Atchley cannot be liable under supervisory liability if he was not in a supervisory position at the time. For these reasons, Defendants' motion for judgment on the pleadings should be granted.

### B. Qualified Immunity

Defendants also assert that the claims against them should be dismissed based on qualified immunity. Dkt. No. 21 at 5.

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of qualified immunity protects "'all but the plainly incompetent or those who knowingly violate the law;'" defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).

A right is clearly established if it were "sufficiently clear [at the time of the conduct at issue] that every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015). "The right must be settled law, meaning that it must be clearly established by controlling authority or a robust consensus of cases of persuasive authority." *Tuuamalemalo v. Greene*, 946 F.3d 471, 477 (9th Cir. 2019). If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. *Saucier*, 533 U.S. at 202.

A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right

7

was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the two-part test that required determination of a deprivation first and then whether such right was clearly established, as required by *Saucier*, 533 U.S. at 194); *Henry A.*, 678 F.3d at 1000 (qualified immunity analysis requiring (1) determining the contours of the clearly established right at the time of the challenged conduct and (2) examining whether a reasonable official would have understood that the challenged conduct violated such right). The court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *See Pearson*, 555 U.S. at 236 (noting that while the *Saucier* sequence is often appropriate and beneficial, it is no longer mandatory). "[U]nder either prong, courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment," and must, as in other cases, view the evidence in the light most favorable to the non-movant. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).

Defendants assert that they are entitled to qualified immunity based on a Ninth Circuit's decision in a case involving facts essentially identical to those alleged by Plaintiff in this case. Dkt. No. 17 at 21 at 7. Specifically, Defendants cite *Rico v. Ducart*, 980 F.3d 1292 (9th Cir. 2020), wherein a prisoner plaintiff brought a section 1983 conditions of confinement claim against correctional officers and supervisory prison officials, based on plaintiff experiencing sleep deprivation as a result of the officers' excessive noise in conducting round-the-clock suicide watch welfare checks every 15-45 minutes. *Id.* Under these facts, Defendants assert that the Ninth Circuit reversed the district court's denial of qualified immunity and granted it, holding that a reasonable official would not have understood that this conduct, required by a court order in *Coleman v. Newsom*, would violate the Constitution. *Id.* Defendants also point to a district court decision granting defendants qualified immunity on another prison plaintiff's claims of sleep deprivation from the same type of noisy and frequent suicide watch inmate welfare checks. *Id.*, citing

8

*Ashker v. Kernan*, No. 18-cv-06350 WHA, 2022 WL 3093302 at *4 (N.D. Cal., June 28, 2022).

In opposition, Plaintiff asserts that Defendants are not entitled to any qualified immunity. Dkt. No. 23 at 3. He contends that since *Rico* was decided in 2020, it was not clearly established at the time of the underlying events in this action in 2019. *Id.* at 8-9. He also cites to *Cook v. City of Fairfield*, 2017 U.S. Dist. LEXIS 158010, for the proposition that "evil motive, intent, or reckless and callous indifference to clearly established federally protected rights of plaintiff constitutionally requires the denial of qualified immunity." *Id.* at 8. He also cites to *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994), asserting that an officer who enforces a statute that is patently violative of fundamental constitutional principals is not entitled to qualified immunity. *Id.* at 9.

In reply, Defendants assert that *Rico* is quite "proximate in time" for purposes of the qualified immunity analysis, notwithstanding the one year's difference. Dkt. No. 24 at 5. Defendants contend that if the very same conduct Plaintiff alleges as the basis for his claims in this action was determined not to be clearly established as unconstitutional by *Rico* in 2020, then clearly that conduct was also not so established the previous year. *Id.* Defendants also assert that Plaintiff fails to present any other contrary authority to *Rico*, to show that Defendants' conduct was clearly established to be unconstitutional, which is Plaintiff's burden to do so. Dkt. No. 24 at 5. They assert that the two cases cited by Plaintiff are not relevant, as *Cook* does not actually address the issue of qualified immunity, and *Grossman* involved a statute and furthermore, the defendant police officer was found qualifiedly immune. *Id.* at 5-6.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds Defendants are entitled to qualified immunity because it was not clearly established at the time of the underlying events that prison officials could not carry out court-ordered suicide-watch checks throughout the night that were inherently loud because such conduct

9

violated the Eighth Amendment. *Rico*, 980 F.3d at 1294, 1298-1303. The Court agrees with Defendants that the two cases relied on by Plaintiff, *Cook* and *Grossman*, are simply irrelevant on this issue, and fail to establish that a reasonable officer in Defendants' position would have been on notice that the challenged conduct was unconstitutional.

Plaintiff's assertion that the right was not clearly established in 2019 because *Rico* was not decided in 2020 is simply incorrect. In *Rico*, the prisoner was complaining of the excessive noise he experienced during welfare checks mandated under *Coleman v. Newsom*, while he was in solitary confinement from August 3, 2015, through August 23, 2016. *Rico*, 980 F.3d at 1296. In deciding that prison officials were entitled to qualified immunity, the Ninth Circuit found that "[e]xisting caselaw did not provide insight into the lawfulness of creating noise while conducting court-ordered suicide prevention welfare checks in maximum security facility built of concrete, metal, and steel." *Id.* at 1299. The relevant caselaw was that which existed is at the time of the conduct at issue: "the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established *at the time it was taken*." *See* Pearson, 555 U.S. at 244 (internal quotations omitted; emphasis added). Accordingly, *Rico* indicates there was no clearly established law as early of August 3, 3015 and up to 2020, when *Rico* was decided, to put a reasonable prison official on notice that his conduct, *i.e.,* conducting suicide watches that involved frequent cell checks that created additional noise, violated the Eighth Amendment.

Therefore, Defendants are also entitled to qualified immunity under *Rico*, because in 2019, a reasonable officer in their position would not have been on notice of clearly established law that their actions violated the Eighth Amendment. Accordingly, Defendants' motion for judgment on the pleadings based on qualified immunity should be granted.

Because qualified immunity would apply to *any* prison officer that was involved in the underlying events, the Court will not grant leave to amend to attempt to name other

10

defendants as such a claim would be futile.

### C. **Physical Injury**

Defendants also move for judgment on the pleadings based on Plaintiff's failure to show physical injury within the meaning of the PLRA to recover damages for mental or emotional injuries. Dkt. No. 21 at 5.

"No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). However, section 1997e(e) applies only to claims for mental or emotional injury. *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999). "It would be a serious mistake to interpret section 1997e(e) to require a showing of physical injury in all prisoner civil rights suits." *Id.* Furthermore, claims for declaratory and injunctive relief are unaffected by § 1997e(e); therefore, the statute "does not nullify the Eighth Amendment by leaving violations of it without a remedy." *Zehner v. Trigg*, 133 F.3d 459, 464 (7th Cir. 1997); *accord Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Davis v. District of Columbia*, 158 F.3d 1342, 1346 (D.C. Cir. 1998). Similarly, § 1997e(e) does not bar claims for compensatory damages premised on other injuries sustained from the alleged constitutional violation. *See Oliver*, 289 F.3d at 630 (§ 1997e(e) inapplicable to claims for compensatory damages not premised on mental or emotional injury); *see also Robinson*, 170 F.3d at 748-49 (only the claim for damages for mental or emotional injury should be dismissed). Nor does § 1997e(e) bar claims seeking nominal or punitive damages that are not premised on any specified injury. *See Oliver*, 289 F.3d at 630 (§ 1997e(e) inapplicable to claims for nominal and punitive damages not premised on mental or emotional injury).

Here, Plaintiff's claim involves more than just mental or emotional injury. He asserts that he suffered from "pain, high-blood pressure, anxiety, fear, shame, humiliation, degradation, emotional-distress, embarrassment, mental-distress, isolation, coldness, head-

11

aches." Dkt. No. 1 at ¶ 43. He also seeks declaratory judgment and punitive damages. *Id.* at ¶¶ 1, 6. Accordingly, the Court finds Defendants are not entitled judgment on the pleadings on this basis.

## CONCLUSION

For the reasons stated above, Defendants' motion for judgment on the pleadings is **GRANTED IN PART and DENIED IN PART**. Dkt. No. 21. Judgment on the pleadings is granted with respect to the Eighth Amendment claim based on supervisory liability and qualified immunity against Defendants. Accordingly, that claim against Defendants T. Foss and M. Atchley is **DISMISSED with prejudice**. The motion to dismiss based on a failure to allege physical injury is **DENIED**. Amendment will not be allowed as any amendment would be futile.

This order terminates Docket No. 21.

**IT IS SO ORDERED.**

Dated:  __August 6, 2024_____                   _____
                                                   BETH LABSON FREEMAN
                                                   United States District Judge

Order Granting/Denying in Part MJOTP
PRO-SE\BLF\CR.23\02800Matthews_grant-MJOTP

12